O’Connell, J.
The plaintiff, a stockholder of the defendant company, brings suit praying for an accounting, an injunction, a dissolution of the company, and the appointment of a receiver to take charge of its affairs. The defendant company files a general demurrer.
The petition alleges fraudulent conduct on the part of the managers or the managing directors, who are also the majority stockholders of the company. It alleges a fraudulent commingling of the assets of this company with the assets of other companies of which the offending stockholders are also stockholders.
It alleges an appropriation of the assets of the defendant company by these same stockholders in payment of alleged debts due to themselves in fraud of the rights of bona fide creditors.
It alleges that the company has been, run at a loss for two years last past.
It alleges that the majority stockholders, who are the managers of the company, have established a rival company in the premises supposed to be occupied by the defendant company and *205 are diverting the business of the 'defendant company to this rival company, in which they also are the chief stockholders. All of this being alleged to be to the great damage of the said stockholder, who sues on behalf of himself and other minority stockholders.
In Hawes v. Oakland, 104 U. S., 450, the Supreme Court of the United States has laid down certain grounds upon which minority stockholders have a right to bring a suit in equity against a corporation to obtain, a redress of their grievances.
At page 460 these are enumerated, and among others we find the following:
‘ ‘ Such a fraudulent transaction completed or contemplated by the acting managers, in connection with some other party, or among themselves, or with other shareholders as will result in serious injury to the corporation or to the interests of the other shareholders.
"Where the board of directors, or a majority of them, are acting for their own' interest, in a manner destructive of the corporation itself, or of the rights of the other shareholders.
"Where thé majority of the shareholders themselves are oppressively and illegally pursuing a course in the name of the corporation, which is in violation of the rights of the other shareholders, and which can only be restrained by the aid of a court of equity.”
While the petition does not in express terms state that a majority of the board of directors are engaged in the alleged fraudulent conduct as suggested in the second ground cited above, such inference can be drawn from the petition from the other faets alleged.
But the petition clearly and unequivocally brings itself within the provisions of the other two grounds quoted.
In the very well considered case of Heintzman v. Tenacity Loose Leaf Metal Company, 4 Ohio Law Rep., 552, Judge Hoffheimer of the Superior Court of' Cincinnati holds that:
"A defendant corporation will not be heard to complain of failure on the part of a stockholder, asking for -a receiver and accounting, to exhaust his rights within the corporation, where the stockholder charges waste of corporate property and fraud in its sale, and proffers evidence in support of his charges; nor *206 is it necessary under such circumstances that the corporation itself bring the suit.”
The allegations of the petition in the ease at bar are such that if they are true, it would be unreasonable to require the plaintiff to have the corporation itself bring suit to redress the fraudulent acts complained of, or seek to adjust the' difficulties within the corporation itself.
As to what proof plaintiff: at a hearing should present in substantiation of his allegations, is a-matter not now to be considered. The petition states a good cause of action and the demurrer should be overruled.